UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

| Case No. | CV 16-7512 DSF (AJWx)<br>CV 16-7530 DSF (AJWx)<br>CV 16-7542 DSF (AJWx) | Date | 4/17/17 |
|---|---|---|---|
| Title | City of Los Angeles, ex rel. Richard Knudsen v. Sprint Solutions, Inc., et al. (and related cases) | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|
| Debra Plato | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order GRANTING Motions to Transfer

Plaintiff City of Los Angeles has moved to remand the case or, in the alternative, transfer it to the Eastern District of California, Sacramento Division.

As an initial matter, remand is not the appropriate remedy for enforcement of the venue clause in question. There is no dispute that there is diversity jurisdiction. The only question is which federal court should hear the case.

This is a California False Claims Act case arising out of contracts between the City of Los Angeles and the several defendants in these related cases. At least some of the contracts involved in the related cases incorporate by reference a venue provision that requires any dispute to be litigated in Sacramento County.[1] Some of the contracts at issue

---

[1] The contracts at issue are complicated by incorporation of various other documents. A portion of the agreement was specific to the City of Los Angeles. A substantial portion of the agreement were terms negotiated by the State of Nevada on behalf of the Western States Contracting Alliance. There are two relevant iterations of this contract – "WSCA I" and "WSCA II." For at least some of the relevant period, the City also incorporated contracts negotiated by the State of California – the "CWC" agreement. The venue provision at issue is found in a document titled "General Provisions – Information Technology" that was variously

**MEMORANDUM**

JS 6

do not appear to incorporate the venue selection language, and Defendants, without citation, seem to believe that this prevents the clause from being applied to the case on the whole.  However, a valid forum selection clause can even draw in related parties who had not agreed to the clause, so the Court sees no reason not to apply it to closely related contracts that are all part of the same dispute between the same contracting parties.  See Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 514 n.5 (9th Cir. 1988) ("We agree with the district court that the alleged conduct of the non-parties is so closely related to the contractual relationship that the forum selection clause applies to all defendants.").

AT&T's position is different because the City has failed to demonstrate that the venue selection clause was present in any contract between the City and AT&T.  Further, the City appears to concede that many of the typical § 1404(a) considerations, such as the location of witnesses and evidence, do not favor a forum in Sacramento.  However, strong considerations of judicial economy and avoidance of inconsistent rulings favor keeping these three closely related cases by the same public entity plaintiff together in a single forum.  In this particular context, the balance of the § 1404(a) analysis tips in favor of transfer.

The City has not waived reliance on the venue selection clause.  "Waiver always rests upon intent. Waiver is the intentional relinquishment of a known right after knowledge of the facts.  The burden, moreover, is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does not leave the matter to speculation, and doubtful cases will be decided against a waiver." City of Ukiah v. Fones, 64 Cal. 2d 104, 107-08 (1966) (internal citations and quotations marks omitted).  Defendants claim that the City waived its rights under the venue selection clause because the relator filed the case in Los Angeles and the City did not move to transfer the case while it was deciding whether to intervene.  This position is unpersuasive.  The City bears no responsibility for where the relator chose to file the case.  Further, the Court sees no reason to place a burden on the City to seek a transfer while the case is sealed and before the City has even chosen whether to participate in the lawsuit.  Nor is there any reason to impose the requirement suggested at oral argument that the City should have filed its own case in Sacramento rather than having intervened in the case in Los Angeles.  First, this is obviously formalistic and would have simply put the parties in the same situation as if the City had requested a transfer.  Second, the party that suggested this procedure made no attempt to show that such a maneuver would not have prejudiced the

---

incorporated into the CWC or into "California participating addenda" to the WSCA contracts.

**MEMORANDUM**

JS 6

City in some way – e.g., the statute of limitations – or would even be allowed under the False Claims Act given the potential to cut the relator out of the case. The City intervened on July 11, 2016 and filed a complaint in intervention on September 9, 2016. Defendants were promptly served and promptly removed. The City then began the process of filing the present motions to move the cases to Sacramento. There is no reason to find a waiver on these facts.[2]

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 134 S. Ct. 568, 581 (2013). Atlantic Marine presupposed a valid forum selection clause. Id. at 581 n.5.

Federal law determines the validity of a forum selection clause in federal court. Doe 1 v. AOL LLC, 552 F.3d 1077, 1083 (9th Cir. 2009). Forum selection clauses are presumptively valid and the party seeking to avoid one bears a heavy burden to show its unenforceability. Id. Defendants argue that the clause in question is unenforceable because it "contravene[s] a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." Id. (quoting M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 15 (1972)).

There is no question that, under California law, forum selection clauses are presumptively valid. Smith, Valentino & Smith, Inc. v. Superior Ct., 17 Cal. 3d 491, 495-96 (1976). However, California Court of Appeal decisions have found that intrastate venue selection clauses that purport to choose a particular location within California are not enforceable, at least to the degree that they conflict with the California venue statute. See Battaglia Enterprises, Inc. v. Superior Ct., 215 Cal. App. 4th 309, 317-19 (2013); Alexander v. Superior Ct., 111 Cal. App. 4th 723, 730-32 (2003). Those courts have declared that the parties should not be able to create venue in a California county where it would not otherwise exist because it would "disrupt the statutory scheme and bring the administration of justice into disrepute in order to have their cause heard where they believe it will be received most sympathetically." Battaglia, 215 Cal. App. 4th at 317

---

[2] Some defense counsel at oral argument suggested that the City had made numerous filings in state court prior to removal. Whether this is true or not, the Court has no evidence that the City filed anything in state court after it chose to intervene other than a notice that it would intervene and a "consolidated complaint."

**MEMORANDUM**

JS 6

(quoting <u>Alexander</u>, 111 Cal. App. 4th at 731).

The premise of Defendants' argument – that venue in Sacramento would be improper under California Code of Civil Procedure § 395.5 – is, at best, unproven. Section 395.5 provides a special rule for venue in cases against corporations. One of the places for venue is the principal place of business of the corporation. The Sprint Defendants admit that they are foreign corporations and have no principal place of business in California. Sprint Opp'n at 9. Therefore, they can be sued in any county. <u>Easton v. Superior Court</u>, 12 Cal. App. 3d 243, 246-47 (1970). The Verizon Defendant is a partnership, not a corporation, so the entirety of its argument is baseless. AT&T does not even raise the public policy argument, other than in a footnote presumably intended to piggyback on the other Defendants' arguments. AT&T Opp'n at 9 n.1. AT&T makes no attempt to show that it has any principal place of business in California. In fact, like the Verizon Defendant, the AT&T Defendant in this case – New Cingular Wireless National Accounts, LLC – is not even a corporation.[3]

The motions to transfer are GRANTED. The cases are transferred to the Eastern District of California, Sacramento Division.

IT IS SO ORDERED.

---

[3] Even if venue were improper in Sacramento under California law, transfer would not contravene any strong public policy of California. The California legislature has made a venue rule, and the California courts have said that parties cannot override it by agreement. Because of the diversity jurisdiction statute, these cases will remain in federal court unless the parties agree to return to state court. California has no interest in whether contracting parties agree to have their disputes heard in a federal court in a given location within California. Had the contracts at issue simply said that any disputes would be heard in the Eastern District of California, Sacramento Division, it would be clear that California state public policy would not be offended. The Court sees no reason to deny application of the venue selection clause in this case because its application might be objectionable to California public policy in some other case where the parties would have remained in state court.